IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| SADIE B. FAUST | : |
| DEBTOR | : BANKRUPTCY NO. 06-11599 |
| SADIE B. FAUST | : |
| PLAINTIFF | : |
| v. | : |
| Deutsche Bank National Trust Company, Chase Manhattan Mortgage Corporation Advanta Corporation, and New World Mortgage, Inc. | : |
| Defendants | : Adv. No. 06-0253 |

## OPINION

BY:   STEPHEN RASLAVICH, UNITED STATES BANKRUPTCY JUDGE.

*Introduction*

The Debtor has filed suit against Deutsche Bank National Trust Company (Deutsche), Advanta Corporation (Advanta), Chase Manhattan Mortgage Corporation (Chase) and New World Mortgage, Inc. (New World) under federal and state consumer lending law.  Deutsche, Chase and New World have filed motions to dismiss the complaint.  The Debtor opposes the motions.  The motions were heard on July 25, 2006, after which the Court took them under advisement.  For the reasons set forth

below, the motion will be granted in part and denied in part.[1]

*The Counts*

The Complaint pleads four counts: rescission under the Unfair Trade Practices and Consumer Protection Law (UDAP),[2] violations of the Truth in Lending Act (TILA),[3] a failure to disclose under the Real Estate Settlement Procedures Act (RESPA),[4] and common law fraud which constitutes violations of the Pennsylvania Credit Services Act and Loan Brokers Trade Practices Regulations.[5] The UDAP count is directed at Deutsche and Advanta.[6] The TILA count is directed solely at Deutsche. The RESPA claim is directed to Chase as servicer of the loan. Finally, the Credit Services Act and Loan Broker claims are directed to New World, the mortgage broker in this transaction.

*Rule 12(b)(1) and Rooker-Feldman*

All three movants argue that a prepetition foreclosure judgment effectively deprives this court of subject matter jurisdiction. Accordingly, they proceed under

---

[1] Because the Complaint seeks to avoid a secured interest in the Debtor's property, it is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K). That subparagraph includes among core proceedings "determinations of the validity, extent, or priority of liens."

[2] 73 P.S. § 201-1 et seq. The Court will refer to this law by the generic acronym UDAP as it is a law like those throughout the nation prohibiting *u*nfair and *d*eceptive *a*cts and *p*ractices.

[3] 15 U.S.C. § 1601 et seq.

[4] 12 U.S.C. § 2601 et seq.

[5] 73 P.S. § 2181 and 37 Pa.Code § 305.1 et seq.

[6] Deutsche is the present holder; Advanta was its predecessor in interest. Amended Complaint, ¶4.

F.R.C.P. 12(b)(1)[7] which challenges the jurisdiction of the court to address the merits of the plaintiff's complaint. *Vieth v. Pennsylvania,* 188 F.Supp.2d 532, 537 (M.D.Pa.2002). A motion to dismiss under Rule 12(b)(1) may present either a facial or factual challenge to subject matter jurisdiction. *See Carpet Group Int'l v. Oriental Rug Imps. Ass'n,* 227 F.3d 62, 69 (3d Cir.2000); 2 *Moore's Federal Practice* § 12.30[4] (Matthew Bender 3d ed.) (explaining the difference between a facial and factual challenge to subject matter jurisdiction pursuant to Rule 12(b)(1)). In this case, although the challenge to this Court's jurisdiction is based on a fact not alleged in the Complaint, it is essentially facial: Deutsche asserts that it obtained a prepetition judgment in mortgage foreclosure which operates to preclude the Plaintiff's claims. The Plaintiff may point out in her brief that the Complaint never mentions the foreclosure judgment; however, the point is never genuinely disputed and is implicitly admitted. *See* T-11, 12, 17, 20. Moreover, the fact that a foreclosure sale took place is easily established. *See* copy of state court docket attached to Deutsche Bank's brief. For purposes of this motion, it will be assumed. The question presented is what preclusive effect, if any, does that judgment have on this Court's competence to hear Plaintiff's claims?

Under the *Rooker-Feldman*[8] doctrine, "lower federal courts may not sit in direct review of the decisions of a state tribunal." *Gulla v. North Strabane Township,* 146 F.3d 168, 171 (3d Cir.1998). Because jurisdiction to review a state court's decision rests

---

[7]Made applicable by B.R. 7012(b).

[8]The doctrine derives from two Supreme Court decisions: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *D.C. Circuit Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

solely in the United States Supreme Court, *see* 28 U.S.C. § 1257, federal district courts lack subject matter jurisdiction "over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 1317, 75 L.Ed.2d 206 (1983). "Although § 1257 refers to orders and decrees of the highest state court, the *Rooker-Feldman* doctrine has been applied to final decisions of lower state courts." *In re Knapper,* 407 F.3d 573, 580 (3d Cir.2005).

Specifically, a claim is barred by the *Rooker-Feldman* doctrine if: (1) "the federal claim was actually litigated in state court prior to the filing of the federal action" or (2) "if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* In assessing whether a claim was "actually litigated" in state court, the court must look to the substance of the claims adjudicated in the state court compared to the plaintiff's claims in the federal action. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 364 F.3d 102, 105 (3d Cir.2004), *rev'd on other grounds,* --- U.S. ----, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). A federal claim is inextricably intertwined with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *Knapper,* 407 F.3d at 581. Thus, a plaintiff is foreclosed from seeking relief in federal court that would "prevent a state court from enforcing its orders." *Id.*

In arguing that *Rooker-Feldman* applies, Deutsche and Chase maintain that all[9] of the Plaintiff's claims are "inextricably intertwined" with the state court foreclosure judgment. They explain that the UDAP claim is settled inasmuch as the state court found the mortgage to be valid; that the TILA claims are similarly judged as no defenses or offsets were raised as to the mortgage; and that the RESPA claims were extinguished along with the mortgage once the foreclosure judgment was entered. Finally, they direct the Court's attention to the Third Circuit's opinion *Knapper, supra*, which, they maintain, applied *Rooker-Feldman* to dismiss a challenge by a foreclosure judgment debtor from bringing an adversary proceeding in her bankruptcy to set aside that judgment. The *Knapper* Court explained that a federal court could set aside such judgment only where it found that the judgment was improperly obtained. That authority, Deutsche and Chase maintain, is on all fours with this case and is, therefore, dispositive of the Plaintiff's claims. *See generally*, Deutsche/Chase Brief.

Similarly, New World argues that the claims in the Complaint are "inextricably entwined" with the state court judgment. New World maintains that all of the factual allegations in this Complaint which are directed at it would have been defenses to the foreclosure action. The effect of allowing the Plaintiff to prosecute these claims would be to overrule the state court judgment. *See generally* New World's Brief.

The Plaintiff disagrees that *Rooker-Feldman* applies. She first maintains that her claims do not attack the state court judgment although she then concedes that her rescission claim indirectly does. T-12. Regardless, such claims were not actually

---

[9]Although Deutsche and Chase say that all claims are barred, they do not address count four which is addressed solely to New World, the broker.

5

litigated in the state court neither were they inherently part of that action. Debtor's Brief 4.

The Court finds neither party to be entirely correct. This is due, in large part, to the fact that the holder of the judgment is only one of the four defendants in this adversary proceeding. Beginning with Count I (rescission under UDAP), it is indisputable that rescinding the loan would negate the state court judgment. Thus, the Court must find that the hearing of the UDAP claim violates *Rooker-Feldman*. This Count, therefore, must be dismissed.

But Count II (TILA) is a different matter. That claim seeks to recoup money damages against the amount of the judgment. As will be explained, *infra*, such claims could not have been litigated in the state court; neither would they negate the judgment. What Debtor seeks here is to reduce the amount of the judgment—now a secured claim in this Chapter 13 proceeding—with the money damages arising from the TILA violations. The Court has jurisdiction, therefore, to hear such claim, and the motion to dismiss will be denied.

The claims raised in Counts III and IV likewise would not compromise the integrity of the judgment. At the outset, the Court is struck by the fact that neither count is directed to Deutsche, the judgment holder. Count III asserts a claim under RESPA against the loan servicer, Chase. Count IV alleges that New World violated the state credit services act and the state code regulations which govern the practices of loan brokers. The Court wonders, how then, can these counts undo the prior judgment?[10]

---

[10] As to how *Rooker-Feldman* might preclude the RESPA claim, Chase starts from the premise that the applicable RESPA provision (§ 2605) is written in the present tense.

This is never explained and the Court concludes that these counts are similarly not barred under *Rooker-Feldman*.[11]

*Dismissal Under Rule 12(b)(6)*

Alternatively, the movants argue that under preclusionary rules of procedure, the counts must be dismissed under F.R.C.P. 12(b)(6).[12] They rely here on res judicata, collateral estoppel, and the statute of limitations. Although all three theories constitute affirmative defenses, each may be raised on a motion to dismiss for failure to state a claim if the defect appears on the face of the pleading. *See Brody v. Hankin,* 299 F.Supp.2d 454, 458 (E.D.Pa.2004) *rev'd on other grounds* 145 Fed.Appx. 768 (3d Cir.2005) ("Although it is an affirmative defense, res judicata may be raised in a Rule 12(b)(6) motion and such a motion is particularly appropriate if the defense is apparent on the face of the complaint." *citing Rycoline Prod's. v. C & W Unlimited,* 109 F.3d 883,

---

Deutsche/Chase Brief, 9. The Plaintiff's mortgage, the argument continues, has been extinguished, or merged into the judgment. *Id. citing In re Stendardo*, 991 F.2d 1089, 1094-95 (3d Cir.2003). For the Court to grant RESPA relief, they conclude, it would have to "undo[ ]" the state court judgment. *Id*. At 10.

The Court must disagree. There is no indication in the statute nor is their case law offered which states that RESPA's requirement apply only to existing loans. Moreover, like the TILA claim, the RESPA could not be brought in response to a foreclosure action as it, too, constitutes an *in personam* action.

[11]Finally, the movants contentions that *In re Knapper*, 407 F.3d 537 (3d Cir.2005) is controlling here is rejected. What distinguishes the instant case from *Knapper* is the absence of any attempt—excepting, of course, the rescission request in Count I—to nullify the state court judgment. The Plaintiff in *Knapper* sought to overturn the foreclosure judgment alleging that the state court lacked personal jurisdiction over her on account of defective service of process. 407 F.3d at 577. That made *Rooker-Feldman* dispositive. That is not the case here. Other than the rescission request, this Plaintiff has not attacked the foreclosure judgment. Her claims seek to reduce that judgment and obtain damages for violations unrelated to the terms of the mortgage loan.

[12]Also made applicable by B.R. 7012(b).

7

886 (3d Cir.1997)); *see also W.G. Nichols, Inc. v. Ferguson*, 2003 WL 22158794 *2 n.5 (E.D.Pa.) ("Collateral estoppel may be raised upon a Rule 12(b)(6) motion if the facts are admitted, uncontroverted or conclusively established so that nothing further can be developed by a trial of the issue."); *and see also Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt, LP,* 435 F.3d 396, 400 n.14 (3d Cir. 2006)("A complaint showing that the governing statute of limitations has run on the plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6)");   Wright and Miller, 5B *Federal Practice and Procedure* Civil 3d § 1357 at 729 (2006)

In judging the legal sufficiency of a claim against such challenges, the usual presumptions apply: the complaint may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Rocks v. Philadelphia*, 868 F.2d 644, 645 (3d Cir.1989).   All well-pleaded factual allegations in the claim must be taken as true.  *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972);  *Rocks*, 868 F.2d at 645.   The court must draw all reasonable inferences from the allegations and view them in the light most favorable to the non-moving party.  *Rocks*, 868 F.2d at 645.

*Res Judicata*

All three movants argue that the failure to raise such claims in the foreclosure proceeding renders them precluded here under res judicata.   In *Board of Trustees of Trucking Employees Welfare Fund, Inc. v. Centra,* 983 F.2d 495 (3d Cir.1992), the Third Circuit explained that claim preclusion—another name for res judicata—"gives

dispositive effect to a prior judgment if a particular issue, although not litigated, *could have been raised* in the earlier proceeding. Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." *Centra,* 983 F.2d at 504 (emphasis added). If these three factors are present, a claim that was or could have been raised previously must be dismissed as precluded.

Deutsche and Chase maintain that the rescission claim "should have been litigated in the foreclosure action." Deutsche/Chase Brief, 13. New World contends that the Amended Complaint constitutes "defenses to the state court action." New World Brief, 7. Implicit in both statements is the premise that Plaintiff's claims are compulsory counterclaims. On the question of whether claim preclusion applies to counterclaims, the Restatement of Judgments provides:

> (1) Where the defendant may interpose a claim as a counterclaim but he fails to do so, he is not thereby precluded from subsequently maintaining an action on that claim, except as stated in Subsection (2).
> (2) A defendant who may interpose a claim as a counterclaim in an action but fails to do so is precluded, after the rendition of judgment in that action, from maintaining an action on the claim if:
> (a) The counterclaim is required to be interposed by a compulsory counterclaim statute or rule of court, or
> (b) The relationship between the counterclaim and the plaintiff's claim is such that successful prosecution of the second action would nullify the initial judgment or would impair rights established in the initial action.

Restatement (Second) of Judgments § 22 (1982).[13]

---

[13] Pennsylvania courts have adopted this section of the Restatement. *See Massullo v. Hamburg, Rubin et al*, 1999 WL 313830 *6 (E.D.Pa.)

9

As there is no compulsory counterclaim rule in Pennsylvania, *see In re Soto*, 221 B.R. 343, 357 (Bankr.E.D.Pa.1998), subsection (2)(a) of the Restatement does not apply. Neither is there a relationship between Plaintiff's claims and Deutsche's judgment which would undermine that judgment were Plaintiff successful here. The most that can be said about her claims—again, the rescission claim has already been determined to be barred under *Rooker-Feldman*—is that they would reduce the amount of the judgment. Neither paragraph of subsection (2) would preclude Plaintiff's claims.

Moreover, as pertaining to actions in mortgage foreclosure, the applicable rule of procedure provides that "[a] defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose." Pa.R.C.P. 1148. Pennsylvania courts have ruled that a defendant may not raise TILA as a counterclaim in a mortgage foreclosure action. *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa.Super. 426, 430, 524 A.2d 951, 953 (1987); *Fleet Real Estate Funding Corp. v. Smith*, 366 Pa.Super. 116, 530 A.2d 919 (1987). In New York Guardian the court explained that the interjection of a TILA counterclaim was incompatible with the foreclosure proceeding because the TILA claim was *in personam* in nature, whereas the foreclosure action was strictly *in rem*. 362 Pa.Super at 430-31, 524 A.2d at 953. Given that authority, the Plaintiff's TILA claim is not barred under principles of claim preclusion. Indeed, this Court has previously addressed that very question. *See In re Apaydin*, 201 B.R. 716, 722 (Bankr.E.D.Pa.1999) (holding that TILA claims not raised in response to foreclosure may be raised in subsequent litigation)

Likewise, the claims in Counts III and IV are unaffected by the prior judgment.

10

Those claims, too, are personal in nature: the RESPA claim is asserted against the loan servicer while the claims in Count IV are brought against the mortgage broker. Neither could have been brought in response to a mortgage foreclosure. For that reason, the res judicata arguments of Deutsche, Chase, and New World are not persuasive.[14]

*Collateral Estoppel*

The final preclusion argument made by all three movants is collateral estoppel, or issue preclusion. This doctrine "prevents the relitigation of issues that have been decided in a previous action." *Hawksbill Sea Turtle v. Federal Emergency Management Agency*, 126 F.3d 461, 474 (3d Cir. 1997). *See also Montana v. United States*, 440 U.S. 147, 153 (1979) ("Issue preclusion ensures that 'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation.'"). "Issue preclusion is based upon the policy that 'a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise.'" *Dici v.*

---

[14]Deutsche and Chase would also ascribe preclusive effect to Debtor's failure to object to the Deutsche Proof of Claim in her previous bankruptcy. *See* Deutsche/Chase Brief, 13-15. These movants cite a number of cases which hold that an allowed proof of claim is a final judgment for preclusion purposes.

In assessing this argument, the Court observes first that it involves matters outside the scope of the Amended Complaint. It is simply not appropriate in this context. Secondly, a little investigation on the Court's part reveals how distinguishable is the cited authority. In none of these cases was the prior action dismissed as this Debtor's was. So not only was there no Order expressly allowing the Deutsche claim, it cannot be inferred that such claim was allowed by implication. The Code expressly provides that the effect of dismissal of a case is without prejudice to a new filing. *See* 11 U.S.C. § 349(a); 3 *Collier on Bankruptcy* ¶ 349.02[1]. Dismissal restores the parties to the positions they were in at the time the dismissed case commenced. *Id.* ¶ 349.03[1]. Thus, whatever occurred (or failed to occur) in the prior case has no bearing on this pending proceeding.

*Commonwealth of Pennsylvania*, 91 F.3d 542, 547 (3d Cir. 1996) (*quoting Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991)). *See also Burlington N.R.R. Co. v. Hyundai Merchant Marine Co.*, 63 F.3d 1227, 1231 (3d Cir. 1995) ("The doctrine [of issue preclusion] derives from the simple principle that later courts should honor the first actual decision of a matter that has been actually litigated."). As the Third Circuit explained "[t]he doctrine of issue preclusion reduces the costs of multiple lawsuits, facilitates judicial consistency, conserves judicial resources, and 'encourage[s] reliance on adjudication.'" *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 547 (3d Cir. 1996) (*quoting Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 415 (1980)).

The general rule is that issue preclusion applies if the following four factors are met: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) there was a valid and final judgment; and (4) the determination was essential to the prior judgment. *National Railroad Passenger Corp. v. Pennsylvania Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002). Not one of the three remaining counts involve issues that were part of the foreclosure proceeding, that were actually litigated, or that were essential to the foreclosure judgment. Each involved questions unrelated to Deutsche's right to foreclose. The TILA count pertained to how much the Debtor was charged for the loan; the RESPA count to what information the loan servicer was required to provide to the Debtor; and the last count to whether the mortgage broker disclosed his commission as required by law. The Amended Complaint does not indicate that any of these issues were adjudicated in the prior proceeding. Therefore, the collateral estoppel argument fails.

*Statute of Limitations*

Deutsche and Chase make one final argument in favor of dismissal. They argue that the claims in counts one, two, and four are time-barred.[15] Deutsche/Chase Brief, 17 According to the movants, the limitations period for both the TILA and UDAP claims commenced on the loan date, April 1, 2000. *Id.* 16. Neither claim having been brought within the required time—one year under TILA and six years under UDAP— both are now barred. *Id.* Remarkably, the Debtor is silent on this question and neither party addressed this precise question at the hearing. The Court turns to what the Amended Complaint shows in this regard.

The Amended Complaint alleges that the Debtor and her husband "entered into [the subject] transaction" on April 1, 2000. Amended Complaint ¶ 5. It is further alleged that the lender failed to disclose to the Debtor and her husband certain finance charges, and the fact that the mortgage was a high cost loan as defined under TILA. *Id*. ¶¶ 22-24. A TILA violation gives rise to a claim for both actual and statutory money damages. *See* 15 U.S.C. § 1640(a)(1), (2) . Such claims must be brought within one year of the violation. *See* 15 U.S.C. § 1640(e) (stating that claim may be brought "within one year from the date of the occurrence of the violation"). On the face of the Complaint, then, to the extent affirmative relief is sought, the TILA claim is barred.

However, while the applicable statute of limitations may preclude Debtor from asserting TILA violations *affirmatively*, it does not affect her right to assert them

---

[15]Given that count four is directed to the broker and neither Deutsche nor Chase, it is unclear why the latter two are pressing for dismissal of this count. In any event, New World does not raise the limitations defense to Count IV which is directed solely at it. Only New World has standing to make that challenge because only it is the real party in interest in that count; therefore, the Court will disregard the argument that Count IV is filed out of time.

*defensively*, i.e., by recoupment. See *In re Ross*, 338 B.R. 266, 269 n.9 (Bankr.E.D.Pa.2006). And it is recoupment which the Amended Complaint specifically seeks. Amended Complaint, p.4, WHEREFORE clause. "Recoupment is a common law contract doctrine that allows 'countervailing claims, which otherwise could not have been asserted together to be raised in a case based upon any one of them.' " *Integra Bank/Pittsburgh v. Freeman*, 839 F.Supp. 326, 330 (E.D.Pa.1993), (*citing Lee v. Schweiker,* 739 F.2d 870 (3d Cir.1984)). Unlike setoff, recoupment "lessens or defeats any recovery by the plaintiff." *Algrant v. Evergreen Valley Nurseries L.P.,* 126 F.3d 178, 184 (3d Cir.1997) (*quoting Household Consumer Discount Co. v. Vespaziani,* 490 Pa. 209, 219, 415 A.2d 689, 694 (1980)). A party may assert recoupment as a defense after a statute of limitations period has lapsed. *Beach v. Ocwen Fed. Bank,* 523 U.S. 410, 417-418, 118 S.Ct. 1408, 1412, 140 L.Ed.2d 566 (1998). The defense must be related to the nature of the demand made by the other party, that is, it must arise from the same contractual transaction. *Algrant,* 126 F.3d at 184.

In this case, the TILA claims arise out of the mortgage loan. It is alleged that the lender failed to disclose certain finance charges and the "high cost" of the mortgage loan. Amended Complaint, ¶¶ 22-24. Although otherwise tardy, such claims may nevertheless be raised via recoupment.

The same however cannot be said of the UDAP count. No mention whatsoever is made of recoupment. For the relief under this count not already found to be precluded (i.e., rescission) what remains to be recovered is sought affirmatively: Plaintiff demands that the lender satisfy their security interest in her home; that it return all payments which she made to them; that this Court disallow their bankruptcy claim;

14

and that it enter an award of damages, attorneys fees, and costs. The statute of limitations for a UDAP claim is six years. *See Gabriel v. O'Hara*, 368 Pa.Super. 383, 398, 534 A.2d 488, 496 (Pa.Super.1987); *Keller v. Volkswagen of America, Inc.*, 733 A.2d 642, 646 n.9 (Pa.Super.1999). Generally, a statute of limitations begins to run when the plaintiff's cause of action accrues. *Leedom v. Spano*, 436 Pa.Super 18, 28, 647 A.2d 221, 226 (1994). Here, the UDAP cause of action accrued when the lender failed to give the rescission disclosure notice at the time the parties signed the contract. *See* 73 P.S. § 201-7(b) (requiring lender to disclose rescission right "at the time of the sale or contract"). The parties entered into the contract on April 1, 2000 thus the statute began to run as of that date. But this adversary proceeding was not commenced until May 5, 2006, which is more than six years from the date of the loan closing. Therefore, the remaining UDAP claims are time-barred and must be dismissed.[16]

*Summary*

The UDAP rescission request in Count I of the Amended Complaint must be dismissed under the *Rooker-Feldman* doctrine. The remaining requests for relief under that count seek affirmative relief and must be dismissed on timeliness grounds. The claims under Count II shall survive dismissal to the extent that they seek recoupment

---

[16] Neither does the Debtor enjoy the benefit of the extensions of time provided by Bankruptcy Code § 108. For those extensions to apply (two years from the petition date for "commencement of actions" (subsection (a)) and six months to "file any pleading, demand, notice, or proof of claim or loss, cure a default or perform any similar act" (subsection (b)), the condition precedent is that such right under nonbankruptcy law has not yet expired at the time the bankruptcy was commenced. Here, such deadline had already passed: the UDAP claim should have been filed no later that March 31, 2006, but the bankruptcy case would not commence until April 20, 2006.

damages only. Finally, Counts III and IV shall survive dismissal without qualification.

    An appropriate order follows.

By the Court:

*Stephen Raslavich*

_____
Stephen Raslavich
United States Bankruptcy Judge

Dated: <u>September 26, 2006</u>

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| SADIE B. FAUST | : | |
| DEBTOR | : | BANKRUPTCY NO. 06-11599 |
| SADIE B. FAUST | : | |
| PLAINTIFF | : | |
| v. | : | |
| Deutsche Bank National Trust Company, Chase Manhattan Mortgage Corporation Advanta Corporation, and New World Mortgage, Inc. | : | |
| Defendants | : | Adv. No. 06-0253 |

# ORDER

AND NOW this 26th day of September, 2006, upon consideration of the Joint Motion of Deutsche Bank National Trust Company as Successor in Interest to Advanta Corporation and Chase Manhattan Mortgage Corporation to Dismiss Complaint, and the Motion of New World Mortgage, Inc. to Dismiss Amended Adversary Complaint, the Debtor's Opposition thereto, after a hearing held on July 25, 2006, and for the reasons set forth in the foregoing Opinion, it is hereby

ORDERED that the Motions are admitted in part and denied in part. The Motions are granted in their entirety as to all claims under Count I of the Amended Complaint. The Motions will be granted as to Count II to the extent such count presses anything

other than a recoupment claim.  The Motions will be denied as to Counts III and IV.

                By the Court:

                _____
                STEPHEN RASLAVICH,
                United States Bankruptcy Judge

Dated: September 26, 2006

2

**MAILING LIST:**
George Conway, Esquire
Office Of The U.S. Trustee
833 Chestnut Street
Suite 500
Philadelphia PA  19106

Joseph F. Riga, Esquire
McDOWELL RIGA
842 West Lancaster Avenue
Bryn Mawr, PA 19010

Matthew A. Lipman, Esquire
MONTEVERDE, McALEE & HURD, PC
1617 JFK Blvd, Suite 1500
Philadelphia, PA 19103

David A. Scholl, Esquire
REGIONAL BANKRUPTCY CENTER
OF SOUTHEASTERN PENNSYLVANIA
6 St. Albans Avenue
Newtown Square, PA 19073

James P. McGarrity, Esquire
Suite 1000
42 S.15th Street
Philadelphia, PA 19102

Stephen M. Hladik, Esquire
KERNS PEARLSTINE ONORATO & FATH LLP
425 West Main Street
P.O.Box 29
Lansdale, PA 19446-0029

Frederick L. Reigle, Esquire
Chapter 13 Trustee
2901 St. Lawrence Avenue
P.O. Box 4010
Reading PA 19606